UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GONZALES et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>                Defendant. | Case No.: 15-cv-1033-L(RBB)<br><br>**ORDER TO SHOW CAUSE AND ORDER VACATING FINAL PRETRIAL CONFERENCE** |

      This action against the City of San Diego for excessive use of force was removed from state court based on federal question jurisdiction under 28 U.S.C. § 1331. Federal question was raised because Plaintiffs alleged a claim under 42 U.S.C. § 1983 for violation of their rights under the Fourth Amendment of the United States Constitution. The action was set on this Court's calendar for a final pretrial conference on Monday, June 19, 2017. As required by Civil Local Rule 16.1.f.6., the parties submitted a Proposed Joint Pretrial Order. According to the Proposed Joint Pretrial Order, the parties intend to try only negligence and battery claims asserted under California law. It therefore appears that Plaintiffs intend to dismiss their sole federal claim. Other than federal question under 28 U.S.C. § 1331, no basis for federal jurisdiction was apparent on removal of the action, and the Proposed Joint Pretrial Order provides no basis.

1

Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). They must satisfy themselves of jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

For the foregoing reasons, the final pretrial conference set for Monday, June 19, 2017, is **VACATED**. Defendant is **ORDERED TO SHOW CAUSE** why this action should not be remanded to state court for lack of subject matter jurisdiction. It is further ordered as follows:

1. No later than **June 26, 2017**, Defendant shall file and serve a response to this order to show cause by filing a brief no more than five pages in length addressing the issue whether this Court has jurisdiction to proceed with this action.

2. No later than **July 3, 2017**, Plaintiffs shall file and serve a response, if any, no more than five pages in length.

3. Upon filing the foregoing, the parties shall await further order of the Court.

**IT IS SO ORDERED**.

Dated: June 16, 2017

_____
Hon. M. James Lorenz
United States District Judge