UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY GONZALES et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>         Defendant. | Case No.: 15-cv-1033-L(RBB)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

   This action against the City of San Diego for excessive force was removed from state court based on federal question jurisdiction under 28 U.S.C. § 1331. Federal question was raised by Plaintiffs' claim under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights. The Court had supplemental jurisdiction under 28 U.S.C. § 1367(a) over related state law tort claims.

   The action has been pending in this Court without any motion practice since the filing of the amended complaint on August 31, 2015 until it was set for a final pretrial conference. According to the Proposed Joint Pretrial Order, Plaintiffs abandoned their sole federal claim and intended to proceed only on their state law tort claims. (Pl.'s Reply to Def.'s Resp. to OSC (doc. no. 40) at 1.) In the absence of any remaining basis for federal jurisdiction, the Court issued an Order to Show Cause why this action should not be remanded to state court. Defendant responded, arguing remand would be contrary to

1

judicial economy, convenience and fairness to the parties. Plaintiffs counter that remand is appropriate.

A district court "may decline to exercise supplemental jurisdiction [if it] has dismissed all claims over which it has original jurisdiction, ... ." 28 U.S.C. § 1367(c)(3). The Court is not obligated to continue to exercise its jurisdiction when the basis for original jurisdiction is no longer present. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Id.* at 1001 (referring to *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); internal quotation marks and citations omitted.) "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (quoted in *Acri*, 114 F.3d at 1001).

The Court disagrees with Defendant's argument that remand would be contrary to judicial economy, convenience and fairness to the parties. With the exception of an unopposed motion to dismiss more than three years ago, which culminated in the voluntary filing of the operative amended complaint, there has been no motion practice. The discovery cut-off date was repeatedly extended during a series of settlement conferences held before the Magistrate Judge. In the absence of any motion practice, this Court is unfamiliar with the case. Aside from settlement conferences, the parties did hardly anything to avail themselves of this Court so far. Judicial economy and fairness therefore do not favor retaining jurisdiction. As stated in *Carnegie-Mellon*, comity counsels against it. In light of the foregoing, Defendant's proposition that it would be more convenient to try the case in this Court is not persuasive.

/ / / / /

The action is therefore remanded to the Superior Court for the State of California, County of San Diego, Central Division.

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
Hon. M. James Lorenz
United States District Judge